IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

2006 BMW 750LI, VIN: WBAHN83506DT30035,
LICENSE NUMBER: 5RLP132,

      Defendant.

No. 2:13-cv-00194-MCE-KJN

<u>ORDER</u>

      Presently before the undersigned is plaintiff's (the "government's") proposed "Application And Order For Publication" ("Application"). (Application, Dkt. No. 1-2.)[1]

      The government filed its Application pursuant to Rule G(4) of the Supplemental Rules of Admiralty Or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (Application at 1.) Rule G(4) of the Supplemental Rules provides that the United States shall cause public notice of the action to be given in a newspaper of general circulation or on the official internet government forfeiture site. Eastern District Local Rule 171 provides that the Court shall designate by order the appropriate newspaper or other vehicle for publication.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(3).

1

In its Application, the government represents that it previously published notice of this action in a publication called the "Dail*e*y Recorder" on October 4, 11 and 18, 2012. (Application at 2 (emphasis added).)  The undersigned is unaware of a publication in the Eastern District of California that bears the name "Dail*e*y" Recorder.  He is, however, aware of a publication called the Sacramento "Daily Recorder."

It appears that the government's Application may contain a minor typographical error.  In an abundance of caution, however, the undersigned cannot properly review the Application under Supplemental Rule G(4)(iii)- (iv) without further clarification about the publication the government references.  Specifically, Supplemental Rule G(4)(iii) provides that the "frequency of" the publication requested in the Application must appear "only once" *if* notice was previously published in a "newspaper of general circulation for three consecutive weeks . . . ."  If notice was *not* previously published in such a newspaper, a different "frequency of publication" may be required under Supplemental Rule G(4)(iii)-(iv).  Therefore, if the government did truly publish notice in publication called the "Dail*e*y Recorder," the government must confirm that such publication is in fact a "newspaper of general circulation" pursuant to Supplemental Rule G(4)(iii) and an "appropriate newspaper or other vehicle for publication" pursuant to Eastern District Local Rule 171.  Alternatively, if the government published notice in the "Daily Recorder," the government must correct its Application to accurately state as much.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the government shall promptly file an updated Application clarifying the name of the publication in which notice of this action was previously published October 4, 11 and 18, 2012.

IT IS SO ORDERED.

DATED:  February 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE